IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-167-KDB-DCK

| | |
|---|---|
| DAVID DEAN, as Administrator of the Estate of ACDONI MEJIA-LOPEZ, <br><br>    Plaintiff, <br><br>  v. <br><br>DARREN CAMPBELL, in his official capacity as the Iredell County Sheriff, DARREN WILLIAMS, JOHN FLEMING KISSINGER, NICHOLAS JARED WHEELER, ADAM LOGAN CLARK, TERRY ADAM AUSTIN, and BRIAN MICHAEL CASHION, each in their individual and official capacities, and the COUNTY OF IREDELL, <br><br>    Defendants. | **CONSENT PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Entry Of Protective Order" (Document No. 37) filed January 17, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Protective Order.

**IT IS STIPULATED** by and between the parties, by and through their respective attorneys of record, as follows:

Plaintiff seeks through discovery certain information contained in the personnel records of individuals, who are or were Iredell County Sheriff's Office Detention Officers or employees at the time of the events alleged in Plaintiff's Amended Complaint. Plaintiff requests to be permitted to inspect and be provided with copies of certain information and documents from the personnel files of the individuals. Said personnel files are maintained by Iredell County and/or the Iredell

County Sheriff's Office. Pursuant to N.C. Gen. Stat. § 153A-98, these records are confidential but may be disclosed pursuant to a court order.

Additionally, Plaintiff may seek certain other protected/confidential information from other parties to this action.

In response to discovery requests from Plaintiff, the parties seek an order of this Court so as to be in compliance with the above-cited statutes and otherwise protected/confidential materials and to ensure that said documents are not disclosed outside this proceeding.

With the consent of the parties, **IT IS, THEREFORE, ORDERED** that:

1. In accordance with N.C.Gen.Stat. § 153A-98, the Sheriff of Iredell County is authorized to disclose discoverable personnel information.

2. The Sheriff of Iredell County is authorized to disclose incident or other investigative reports or information, which may otherwise be confidential pursuant to state law, that is relevant to the matters alleged in Plaintiff's Amended Complaint

3. Personnel information, as referenced in Paragraph 1 above, is defined by N.C.Gen.Stat. § 153A-98, and includes information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings, and (d) any other similar documents.

4. Any such personnel information, video footage, or incident or investigative reports obtained in this action which is asserted by the Sheriff of Iredell County to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the

legend: "CONFIDENTIAL BY PROTECTIVE ORDER" or a comparable notice. Additionally, any other materials considered by the parties to be protected and/or confidential shall be likewise so indicated. Such information shall be disclosed at any hearing only to Court personnel, to the parties, and to counsel for the parties and their employees. If at any time a party objects to a designation of information as being confidential, the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. Within ten calendar days of the receipt of such notice, the designating party may apply for a ruling on the continued designation of the information as confidential. The confidentiality of the information shall be maintained until the Court rules otherwise; provided, however, that, if no application to the Court is submitted within the ten-day period, the information shall be deemed not to contain confidential information. If the designating party and the objecting party cannot resolve their differences, either party may apply to the Court for a ruling.

5. In the absence of written permission from the Defendants or their designee, or by order of the Court, any confidential information obtained in accordance with the provisions of this Order shall not be disclosed to any person other than:

(i) The Court and the employees thereof.

(ii) Court reporters and stenographers engaged for the taking of testimony.

(iii) The parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel.

(iv) Experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party.

(v) Any witness, potential witness, deponent or potential deponent in this action who is first advised of the terms and conditions of this Order and signs an undertaking in the form of Exhibit A hereto, and provided that the confidential information is not left in the possession of such person. Any party may request that the deponent agree on the record to be bound by this order, and if the deponent refuses, the requesting party may request a delay pending a motion to the Court; provided, however, that witnesses may see their own personnel records. Any confidential information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his personnel file to the extent permitted by law.

(vi) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of such information, provided that the contractor is advised that the documents are subject to a protective order.

(vii) Any jurors or alternate jurors that may be empaneled for purposes of trial.

6. Confidential information obtained in accordance with the provisions of this Order shall not be made available to any person designated in paragraph 5(iv), 5(v), and/or 5(vi) unless he or she shall have first read this Order and shall have agreed, by signing an undertaking in the form of **Exhibit A** attached hereto, provided that such confidential information is not left in the possession of such person.

7. If the Court orders, or if the Sheriff or his designee agrees, that access to, or dissemination of, information obtained as confidential information shall be made to persons not included in paragraph 5 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

8. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal. Any portion of a transcript in connection with this action containing any confidential information submitted shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

9. If confidential information obtained in accordance with this Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

10. Upon final adjudication of this action, all confidential information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be (a) returned to counsel for the defendants or (b) the same (including copies made and/or computer materials made or stored) shall be destroyed. Each party, however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of their respective work product, which shall continue to be subject to the provisions of this Order.

5

11. Counsel for Defendants shall have the discretion to determine whether to make the confidential information available to Plaintiff's attorneys for inspection and copying or to provide a copy of said documents to said attorneys, and shall be allowed to redact from said record Social Security Numbers, birth dates, and home addresses.

**SO ORDERED**.

Signed: January 17, 2024

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order (the "Protective Order") dated _____, 2024 in the matter of <u>David Dean, as Administrator of the Estate of Acdoni Mejia-Lopez v. Darren Campbell, in his official capacity as the Iredell County Sheriff, et al.</u>, Case No. 5:22-CV-167-KDB-DCK, filed in the United States District Court for the Western District of North Carolina, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other than such persons designated in paragraph 5 of this Protective Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____
Signature                                  Dated

_____
Printed or Typed Name

_____

_____
Address

_____
Position